■ In the Matter of ROSA BATTLE, Appellant, v CITY OF NEW YORK et al., Respondents. — Order of the Supreme Court, New York County (Myron Tillman, J.), entered on January 27, 1983, which granted respondents' trial motion to dismiss the petition pursuant to CPLR article 78 on petitioner's failure to establish a prima facie case, is reversed, on the law, with costs and disbursements, and the matter remanded for a new trial. Petitioner commenced the instant proceeding to recover possession of a 1979 Cadillac which she allegedly owns and which is being held by respondent police property clerk. In a decision dated July 2, 1982, Special Term directed that the matter be set down for trial for the purpose of determining petitioner's entitlement to the vehicle with regard to whether she "permitted or suffered" the car to be used in the commission of a crime and thereby forfeited her ownership pursuant to section 435-4.0 (subd e, par 1) of the Administrative Code of the

City of New York. The case duly came to trial, and at the conclusion of petitioner's evidence, the trial court granted respondents' motion to dismiss, concluding that "there is no proof whatsoever that the police department either wrongfully or in any other way took the Cadillac in question." Thereafter, an order was entered dismissing the petition on the ground of petitioner's failure to establish a prima facie case. The trial court's decision was rendered notwithstanding the fact that Special Term had directed a trial on the specific issue of whether the vehicle was utilized in the commission of a crime and despite respondents' acknowledgment that they are currently in possession of the disputed car. In that connection, respondents had previously cross-moved for judgment declaring that petitioner is not a lawful claimant to the 1979 Cadillac. In support of their motion, respondents submitted papers which admitted their possession of the vehicle. It is evident, and on appeal respondents concede, that since Special Term had already found that respondents were in possession of the vehicle, petitioner was not required to prove this element as part of her prima facie case, and, consequently, the trial court improperly granted the motion to dismiss. Concur — Sandler, J. P., Asch, Silverman, Fein and Milonas, JJ.